| | | |
|---|---|---|
| FRANK J. FEDERICO, II, ESQ.,<br>6800 York Road<br>Baltimore, Maryland 21212 | * | IN THE CIRCUIT |
| | * | COURT OF |
| and | * | MARYLAND FOR |
| FRANK J. FEDERICO, II, P.A.,<br>6800 York Road<br>Baltimore, Maryland 21212 | * | BALTIMORE COUNTY |
| | * | |
| Plaintiffs, | * | |
| vs. | * | |
| EVAN M. GOLDMAN, ESQ.,<br>36 South Charles Street, Suite 2401<br>Baltimore, Maryland 21201-3108 | * | |
| | * | |
| and | * | |
| GOLDMAN & GOLDMAN, P.A.,<br>   Serve on Resident Agent:<br>   Brian A. Goldman<br>   36 South Charles Street, Suite 2401<br>   Baltimore, Maryland 21201-3108 | * | |
| | * | |
| and | * | |
| AMERICAN EXPRESS BANK, FSB,<br>   Serve on President & CEO:<br>   Douglas H. Short, III<br>   4315 South 2700 West<br>   Salt Lake City, Utah 84184 | * | |
| | * | |
| Defendants. | * | Case No.: _____ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT**

NOW COMES, Frank J. Federico, II and Frank J. Federico, II, P.A., hereinafter Plaintiffs, through and by Frank J. Federico, II, as an Attorney licensed to practice law in the State of Maryland, and hereby sue Defendants Evan M. Goldman, Goldman & Goldman, P.A., and American Express Bank, FSB, and for grounds therefore states:

## THE PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Frank J. Federico, II, Esquire ("Federico"), is an individual domiciled in Baltimore County, Maryland and has a principle place of business located in Baltimore County, Maryland.

2.     Plaintiff Frank J. Federico, II, P.A. is a corporation organized under the laws of the State of Maryland, with its principal place of business located at 6800 York Road, Baltimore, Maryland 21212 and its corporate officer and proprietor being Co-Plaintiff Frank J. Federico, II, Esquire.

3.     Defendant Evan M. Goldman, Esquire ("Goldman") is a resident of the State of Maryland and habitually engages in vocation and business in Baltimore County, Maryland.

4.     Defendant Goldman & Goldman, P.A. is a corporation organized under the laws of the State of Maryland and regularly transacts business in Baltimore County, Maryland.

5.     Defendant American Express Bank, FSB ("American Express") is a federally chartered banking institution, with its principal place of business located at 4315 South 2700 West, Salt Lake City, Utah 84184.

6.     Jurisdiction is appropriate in this Court pursuant to Section 6-102 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland. Venue is appropriate in this Court pursuant to Section 6-201 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

### FACTS

7.     That Defendant American Express, Plaintiff Frank J. Federico, II, Esquire, and Plaintiff Frank J. Federico, II. P.A. are parties to the Line of Credit for Business Agreement

pursuant to which American Express opened an Open Card Account, Account No. 3715-495874-61002 for the Plaintiffs and issued an Open Card on the Open Card account unto the Plaintiffs.

8,      That in addition to the account mentioned in Paragraph 7 of this Complaint, Plaintiff Frank J. Federico, II, Esquire retains several other personal and business credit cards/ lines with American Express, being a card carrier since the year of 1983.

9.      That Defendant American Express has alleged that Plaintiffs have defaulted on the Line of Credit for Business Agreement mentioned herein in Paragraph 7 by failing to pay the balance due pursuant to the monthly statements issued to Plaintiffs.

10.      That Defendant American Express has retained Defendants Evan M. Goldman, Esquire and thereby the law firm of Goldman & Goldman, P.A. to pursue collection efforts of the alleged amounts due from Plaintiffs.

### FACTUAL ALLEGATIONS

11.      That Defendants Evan M. Goldman, Esq. and Goldman & Goldman, P.A. repeatedly contacted Plaintiff Frank J. Federico, II, Esquire at his place of employment through telephone calls, facsimiles, and U.S. Mail, in violation of the Federal Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692c(a)(3).

12.      That Defendant American Express and its representatives contacted Plaintiff Frank J. Federico, II, Esquire at his place of employment through telephone calls, facsimiles, and U.S. Mail, in violation of the Federal Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692c(a)(3).

13.      That Defendants Evan M. Goldman, Esq. and Goldman & Goldman, P.A. repeatedly harassed and abused Plaintiff Frank J. Federico, II, Esquire by the ways and means

3

stated herein, in violation of the Federal Fair Debt Collection Practices Act, codified at 15 U.S.C. §1692d

14.     That Defendant American Express and its representatives repeatedly harassed and abused Plaintiff Frank J. Federico, II, Esquire by the ways and means stated herein, in violation of the Federal Fair Debt Collection Practices Act, codified at 15 U.S.C. §1692d

15.     That during the course of a telephone conversation from Defendant Evan M. Goldman, Esquire to Plaintiff Frank J. Federico, II, Esquire, at his place of business as alleged in Paragraph 11 of this Complaint, Defendant Goldman instructed Plaintiff Federico to borrow money from Plaintiff's brother, Philip Federico, Esquire of Schochor, Federico, and Staton, P.A., knowing that Plaintiff's brother is a successful and prosperous attorney, in order to pay the alleged debt due his client, American Express; and, in doing so, caused Plaintiff to undergo emotional distress regarding his relationship with his brother.

16.     That during the course of a telephone conversation from Defendant Evan M. Goldman, Esquire to Plaintiff Frank J. Federico, II, Esquire, Defendant Goldman stated to Plaintiff Federico, knowing Plaintiff to be an attorney, that Defendant Goldman had pursued another attorney in Washington, D.C. for debt collection and forced that attorney to file bankruptcy and to endure further distress through the malicious and vicious collection tactics Defendant Goldman used; and further that Defendant Goldman threatened Plaintiff Federico by stating that he intended to use the same aforementioned tactics against Plaintiff Federico if he did not heed to Defendant Goldman's wishes.

17.     That during the course of excessive additional telephone calls from Defendants Evan M. Goldman, Esq. and Goldman & Goldman, P.A. to Plaintiff Frank J. Federico, II,

4

Esquire, Defendants used excessively coarse, threatening, malicious, and otherwise abusive language with the intent to threaten, abuse, and annoy Plaintiff.

18.     That during the course of collection efforts by Defendant American Express, Plaintiff Frank J. Federico, II. Esquire, made an arrangement with a representative of Defendant American Express in which Plaintiff Federico would remit a lump-sum payment of approximately $20,000 to be distributed appropriately among all of Plaintiff's credit card/ line accounts with Defendant American Express to bring all accounts current. Such a payment was made, however Defendant American Express failed to apply the payment according to the instructions of and the agreement with Plaintiff Federico in order to satisfy the delinquency of all accounts with Defendant American Express in violation of the Federal Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692f.

19.     That subsequent to the events occurring in Paragraph 18 of this Complaint, a representative of Defendant American Express placed a phone call to Plaintiff Frank J. Federico, II, Esquire, at his place of business, and stated that a $24.00 balance remained on one of the credit card/ line accounts Plaintiff Federico sustains with Defendant American Express, and that if payment was not remitted immediately, Defendant American Express would close and charge off every other account Plaintiff Federico sustained with same.

20.     That several days subsequent to the payment mentioned in Paragraph 18 of this Complaint, a representative of Defendant American Express solicited Plaintiff Frank J. Federico, II, Esquire to apply and subsequently be accepted for an American Express Platinum credit card, showing the bad faith of Defendant American Express in allowing Plaintiff Federico to further indebt himself to Defendant American Express while having numerous other accounts with that same company that at the time were being pursued for collection.

## COUNT ONE

21.     That in this Count Plaintiff Frank J. Federico, II, Esquire sues Defendant Evan M. Goldman, Esquire and incorporates and realleges all facts and allegations contained in all previous parts of this Complaint as though they were fully set forth herein.

22.     That as a direct and proximate result of the actions of the Defendant alleged herein, Plaintiff Frank J. Federico, II, Esquire sustained severe emotional turmoil and duress, loss of income, and physical injuries as follows:

A.     The constant harassment, abuse, threats, and otherwise malicious tactics by the Defendant as described herein caused severe emotional turmoil and duress to be endured by Plaintiff Frank J. Federico, II, Esquire.

B.     The excessive telephone calls to Plaintiff Frank J. Federico, II, Esquire's place of business caused exorbitant amounts of time, energy, and resources to address that would have otherwise been spent addressing to Plaintiff's practice, thereby causing significant amounts of lost income.

C.     The emotional turmoil and duress suffered by Plaintiff Frank J. Federico, II, Esquire, as a result of the actions of Defendant, directly and causally contributed to the formation of a chronic pulmonary embolism in Plaintiff's right leg that subsequently traveled through Plaintiff's heart and then into Plaintiff's lungs causing (i) Plaintiff to be initially hospitalized on or about March 28, 2009 at Bebe Medical Center for several days, (ii) Plaintiff's multiple subsequent hospitalizations at other hospitals, (iii) Plaintiff's current and prospective out-patient treatment, (iv) Plaintiff's life-long necessity of taking medication, and (v) other current and prospective medical conditions and the treatment of such conditions in association with the conditions stated herein.

6

D.     That as a result of the Plaintiff's aforementioned hospitalization and subsequent treatment as described in Paragraph 22(C) of this Complaint, Plaintiff suffered further emotional pain and duress being advised by medical professionals, in addition to other consequences and realities associated thereto, that fewer than 3% of patients inflicted with said condition survive after onset.

E.     That as a result of Plaintiff's aforementioned hospitalization, subsequent treatment, and further emotional duress as a result thereto described in Paragraphs 22(C) and 22(D) of this Complaint, exorbitant amounts of time, energy, and resources were unable to be devoted to Plaintiff's practice, thereby causing significant amounts of loss of income.

23.     That Plaintiff was further caused and will be prospectively caused to undergo extensive medical treatment for the care of the aforementioned injuries.

24.     That all of Plaintiff's said injuries, damages and losses, past, present and prospective, were caused solely by the conduct of Defendant, without any want of due care on the part of Plaintiff contributing thereto.

*WHERFORE, Plaintiff Frank J. Federico, II, Esquire hereby sues Defendant Evan M. Goldman, Esquire and claims the sum of TEN MILLION DOLLARS ($10,000,000.00) in actual compensatory damages from the Defendant and court costs and counsel fees.*

## COUNT TWO

25.     That in this Count Plaintiff Frank J. Federico, II, P.A. sues Defendant Evan M. Goldman, Esquire and incorporates and realleges all facts and allegations contained in all previous parts of this Complaint as though they were fully set forth herein.

26.     That as a direct and proximate result of the damages sustained by its corporate officer, sole proprietor, and sole practitioner Plaintiff Frank J. Federico, II, Esquire as described

in Paragraphs 22 and 23 of this Complaint; Plaintiff Frank J. Federico, II, P.A., as a corporation, experienced diminished earning capacity and thereby financial turmoil resulting in significant loss of revenue.

27.   That all of Plaintiff's said damages, past, present and prospective, were caused solely by the conduct of Defendant, without any want of due care on the part of Plaintiff contributing thereto.

*WHERFORE, Plaintiff Frank J. Federico, II, P.A. hereby sues Defendant Evan M. Goldman, Esquire and claims the sum of TEN MILLION DOLLARS ($10,000,000.00) in actual compensatory damages from the Defendant and court costs and counsel fees.*

## COUNT THREE

28.   That in this Count Plaintiff Frank J. Federico, II, Esquire sues Defendant Goldman & Goldman, P.A. and incorporates and realleges all facts and allegations contained in all previous parts of this Complaint as though they were fully set forth herein.

29.   That Co-Defendant Evan M. Goldman, Esquire, is, and was at all times relative to this action, an employee and/ or corporate officer of the corporation, Defendant Goldman & Goldman, P.A. and was acting as an authorized representative of that corporation within the scope of his agency and/ or authority.

30.   That as a result of actions of Co-Defendant Evan M. Goldman, Esquire on behalf of Defendant Goldman & Goldman, P.A., Plaintiff suffered the damages described in Paragraphs 22 and 23 of this Complaint.

31.   That all of Plaintiff's said injuries, damages and losses, past, present and prospective, were caused solely by the conduct of Defendant, without any want of due care on the part of Plaintiff contributing thereto.

8

*WHERFORE, Plaintiff Frank J. Federico, II, Esquire hereby sues Defendant Goldman & Goldman, P.A. and claims the sum of TEN MILLION DOLLARS ($10,000,000.00) in actual compensatory damages from the Defendant and court costs and counsel fees.*

### COUNT FOUR

32.    That in this Count Plaintiff Frank J. Federico, II, P.A. sues Defendant Goldman & Goldman, P.A. and incorporates and realleges all facts and allegations contained in all previous parts of this Complaint as though they were fully set forth herein.

33.    That as a direct and proximate result of the damages sustained by its corporate officer, sole proprietor, and sole practitioner Plaintiff Frank J. Federico, II, Esquire as described in Paragraphs 22 and 23 of this Complaint; Plaintiff Frank J. Federico, II, P.A., as a corporation, experienced diminished earning capacity and thereby financial turmoil resulting in significant loss of revenue.

34.    That all of Plaintiff's said damages, past, present and prospective, were caused solely by the conduct of Defendant, without any want of due care on the part of Plaintiff contributing thereto.

*WHERFORE, Plaintiff Frank J. Federico, II, P.A. hereby sues Defendant Goldman & Goldman, P.A. and claims the sum of TEN MILLION DOLLARS ($10,000,000.00) in actual compensatory damages from the Defendant and court costs and counsel fees.*

### COUNT FIVE

35.    That in this Count Plaintiff Frank J. Federico, II, Esquire sues Defendant American Express Banks, FSB and incorporates and realleges all facts and allegations contained in all previous parts of this Complaint as though they were fully set forth herein.

36.   That as a direct and proximate result of the actions of the Defendant and its authorized agents and representatives alleged herein, Plaintiff Frank J. Federico, II, Esquire sustained severe emotional turmoil and duress, loss of income, and physical injuries as follows:

A.   The constant harassment, abuse, threats, and otherwise malicious tactics by the Defendant as described herein caused severe emotional turmoil and duress to be endured by Plaintiff Frank J. Federico, II, Esquire.

B.   The excessive telephone calls to Plaintiff Frank J. Federico, II, Esquire's place of business caused exorbitant amounts of time, energy, and resources to address that would have otherwise been spent addressing to Plaintiff's practice, thereby causing significant amounts of lost income.

C.   The emotional turmoil and duress suffered by Plaintiff Frank J. Federico, II, Esquire, as a result of the actions of Defendant, directly and causally contributed to the formation of a chronic pulmonary embolism in Plaintiff's right leg that subsequently traveled through Plaintiff's heart and then into Plaintiff's lungs causing (i) Plaintiff to be initially hospitalized on or about March 28, 2009 at Bebe Medical Center for several days, (ii) Plaintiff's multiple subsequent hospitalizations at other hospitals, (iii) Plaintiff's current and prospective out-patient treatment, (iv) Plaintiff's life-long necessity of taking medication, and (v) other current and prospective medical conditions and the treatment of such conditions in association with the conditions stated herein.

D.   That as a result of the Plaintiff's aforementioned hospitalization and subsequent treatment as described in Paragraph 22(C) of this Complaint, Plaintiff suffered further emotional pain and duress being advised by medical professionals, in addition to other

10

consequences and realities associated thereto, that fewer than 3% of patients inflicted with said condition survive after onset.

       E.    That as a result of Plaintiff's aforementioned hospitalization, subsequent treatment, and further emotional duress as a result thereto described in Paragraphs 22(C) and 22(D) of this Complaint, exorbitant amounts of time, energy, and resources were unable to be devoted to Plaintiff's practice, thereby causing significant amounts of loss of income.

37.    That Plaintiff was further caused and will be prospectively caused to undergo extensive medical treatment for the care of the aforementioned injuries.

38.    That Co-Defendants Evan M. Goldman, Esquire and Goldman & Goldman, P.A. are the attorneys in fact for Defendant American Express, and acted as authorized representatives of Defendant American Express within the scope of their agency and/or authority.

39.    That as a result of actions of Co-Defendants Evan M. Goldman, Esquire and Goldman & Goldman, P.A., Plaintiff suffered the damages described in Paragraphs 22 and 23 of this Complaint.

40.    That all of Plaintiff's said injuries, damages and losses, past, present and prospective, were caused solely by the conduct of Defendant, without any want of due care on the part of Plaintiff contributing thereto.

*WHERFORE, Plaintiff Frank J. Federico, II, Esquire hereby sues American Express Bank, FSB and claims the sum of TEN MILLION DOLLARS ($10,000,000.00) in actual compensatory damages from the Defendant and court costs and counsel fees.*

**COUNT SIX**

11

41. That in this Count Plaintiff Frank J. Federico, II, P.A. sues Defendant American Express Bank, FSB and incorporates and realleges all facts and allegations contained in all previous parts of this Complaint as though they were fully set forth herein.

42. That as a direct and proximate result of the damages sustained by its corporate officer, sole proprietor, and sole practitioner Plaintiff Frank J. Federico, II, Esquire as described in Paragraphs 36, 37, and 39 of this Complaint; Plaintiff Frank J. Federico, II, P.A., as a corporation, experienced diminished earning capacity and thereby financial turmoil resulting in significant loss of revenue.

43. That all of Plaintiff's said damages, past, present and prospective, were caused solely by the conduct of Defendant, without any want of due care on the part of Plaintiff contributing thereto.

*WHEREFORE, Plaintiff Frank J. Federico, II, P.A. hereby sues Defendant American Express Bank, FSB and claims the sum of TEN MILLION DOLLARS ($10,000,000.00) in actual compensatory damages from the Defendant and court costs and counsel fees.*

Respectfully submitted,

Frank J. Federico, II, Esquire
6800 York Road
Baltimore, Maryland 21212
(410) 823-4880

Attorney at Law

12